JOHN DORAN, Plaintiff-Appellee, *v.* EVELYN LOBELL, Defendant-Appellant.

First District (3rd Division)    No. 78-47

Opinion filed December 27, 1978.

George J. Guest, of Chicago (Dalton P. Grief, of counsel), for appellant.

Sandman, Levy & Moltz, of Chicago (Bernard W. Moltz and Kerry L. Kessler, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The defendant, Evelyn Lobell, appeals the directed verdict entered by the circuit court of Cook County in favor of the plaintiff, John Doran. The action arose out of an automobile accident. On appeal, the defendant argues the verdict should not have been directed because the evidence demonstrated issues of fact which should have been submitted to the jury.

On September 26, 1972, in the late afternoon, the defendant was driving her automobile in Chicago, southbound on Racine Avenue, immediately north of its intersection with George Street, a street which runs one-way to the east. The intersection has no traffic control signals or signs. The defendant's 13-year-old daughter, Michelle, was riding in the passenger seat of her automobile. The defendant came to a complete stop at George Street in preparation for a left-hand turn onto George Street. While stopped, the defendant was struck in the front end by an automobile traveling northbound on Racine which was being driven by Doran, the plaintiff. The plaintiff filed suit seeking damages for personal injuries.

Chicago Police Officer Joseph Menick, who arrived at the scene after the collision had occurred, testified that judging by the debris on the ground, the impact occurred close to the northeast corner of the intersection. He also testified that the defendant had said she had not seen the plaintiff's car approaching the intersection.

The defendant was called as an adverse witness. She testified that she did not remember just where in the intersection the impact had occurred. At her deposition she had said it was "maybe a little bit south of the north curb of George." She also testified that she could not say how far from the intersection the plaintiff's car was when she first saw it. The defendant denied crossing the center line, and said it was the plaintiff's car that crossed the center line to collide with her car.

The plaintiff testified that he was traveling about 20 miles per hour as he approached the intersection; that he saw the defendant's car coming down the street before the impact; that he continued to observe her until

she pulled into his northbound lane; and that he braked hard but was unable to avoid hitting her. The plaintiff also testified that he saw some children on the corner on George Street and that he looked at them for an instant. On cross-examination, the plaintiff admitted that at his deposition he had said the defendant was already *in* the intersection when he first saw her.

The defendant testified in her own behalf that she was traveling somewhere between zero and 10 miles per hour as she approached the intersection; that she signalled a left turn and came to a stop at George Street; that she was unable to make the turn immediately because of northbound traffic; that she was stopped on her side of the center line; that she observed the plaintiff turn his head before the crash; and that she did not see him redirect his attention forward prior to the collision.

Letitia Carrion, approximately 17 years old at the time of the accident, testified that she observed the collision. She said she had been standing on the corner of Racine and George, near a grocery store, waiting to cross the street. She was with her sister Janet and another friend. Carrion testified that her attention was drawn to the plaintiff's car by "a noise, like a whistle or something"; that she looked at the car when she heard this noise and saw the driver looking toward them; and that she did not see the other car before the crash. On cross-examination, Carrion said she had been to the defendant's home a few times before the accident because she had been friends with the defendant's daughter, and that her mother and the defendant were not acquainted through school activities. At her deposition she had said the two mothers were acquainted.

Michelle Lobell testified that the defendant had signalled the left turn; that the defendant had approached the intersection and had come to a complete stop; that the defendant remained stopped about 30 seconds; that she saw the plaintiff's car approaching the intersection and noticed the driver's head was turned to his right; and that she had known the Carrion daughters in grade school. On cross-examination, Michelle Lobell said she did not notice the Carrions at the scene of the crash. She also testified that she saw her mother's foot on the brake, while at her discovery deposition she had testified to the contrary.

At the close of the defendant's case the court granted the plaintiff's motion for a directed verdict. The defendant appeals from the order directing the verdict and the judgment.

■■ The appropriate standard for the direction of a verdict was set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14:

> "[V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its

aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.)

In discussing the application of the *Pedrick* standard, this court has noted:

"In making this determination, the trial court may not substitute its judgment for that of the jury as to the credibility of witnesses nor may the court determine the preponderance of the evidence. [Citation.] Thus, where the evidence discloses a substantial factual question on either the issue of plaintiff's due care or defendant's negligence, or where the assessment of the credibility of the witnesses may be decisive, the court may not direct a verdict." (*Roedl v. Lane* (1976), 41 Ill. App. 3d 1062, 1065-66, 355 N.E.2d 354, 356-57.)

We believe the evidence in this case disclosed substantial factual questions on both the issues of the plaintiff's due care and the defendant's possible negligence.

The defendant testified she never crossed the center line on Racine Street; that it was the plaintiff who crossed the line and thereby caused the impact. The plaintiff, on the other hand, testified that it was the defendant who crossed the line. We believe this evidence alone presents a substantial factual question which should have been submitted to the jury.

There was also an issue as to whether the plaintiff established his freedom from contributory negligence. Several witnesses testified that a group of children were standing on the corner at the intersection where the accident occurred, at the time it occurred. The plaintiff admitted looking at the children just prior to entering the intersection. The defendant and her daughter each testified that they saw the plaintiff's head turned just prior to the crash. Finally, Letitia Carrion, one of the children on the corner, testified that her attention was drawn to the plaintiff's car by "a noise, like a whistle or something"; that she looked at the car; and that she saw the driver looking toward them. Looking at the evidence in the light most favorable to the defendant, the jury could have found that the plaintiff was contributorily negligent. This issue, too, should have been submitted to the jury.

■█ The plaintiff argues that the defendant's testimony need not be believed because it is "inherently improbable." While the plaintiff is correct that inherently improbable testimony may be disregarded in ruling on a motion for a directed verdict (*Starbuck v. Chicago, Rock Island & Pacific R.R. Co.* (1977), 47 Ill. App. 3d 460, 362 N.E.2d 401), we cannot characterize the defendant's testimony in this manner. Credibility of the witnesses is a factual issue which should be submitted to the jury. *Roedl.*

The trial court determined as a matter of law that the plaintiff was

free from contributory negligence and that the defendant was negligent. We believe the evidence was such as to have required that these propositions be submitted to the jury to be decided as questions of fact.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded.

Reversed and remanded.

SIMON, P. J., and McNAMARA, J., concur.